[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-12543

Non-Argument Calendar

_____

IRVING A. HARNED, JR.,

Plaintiff-Appellant,

*versus*

FULTON COUNTY CLERK OF THE COURT'S OFFICE,
FULTON COUNTY DISTRICT ATTORNEY'S OFFICE,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:22-cv-03476-ELR

_____

Before JORDAN, ROSENBAUM, and GRANT, Circuit Judges.

PER CURIAM:

Irving Harned, proceeding *pro se*, appeals the district court's dismissal of his action for failure to state a claim against the Fulton County Clerk of the Court's Office (Clerk's Office) and the Fulton County District Attorney's Office (DA's Office) under 42 U.S.C. § 1983. On appeal, Mr. Harned alleges that his constitutional rights to due process and equal protection were violated when the Clerk's Office prevented him from filing a motion in an earlier case and when the DA's Office declined to prosecute Piedmont Healthcare as part of an alleged conspiracy. He argues that, contrary to the district court's determination, the Clerk's Office is a legal entity subject to suit and that its employees are not entitled to quasi-judicial immunity.

After careful review, we affirm the district court's order dismissing Mr. Harned's claims against the Clerk's Office and its employees and conclude that any arguments as to the claim against the DA's Office have been abandoned.

**I**

On October 15, 2018, Mr. Harned filed a *pro se* action in the Superior Court of Fulton County. He sued Piedmont and other medical providers over medical treatment received in 2016. On December 10, 2018, the Superior Court entered an order requiring Mr. Harned "to obtain permission from the Court before filing a civil

lawsuit, subpoena, criminal filing and/or application for arrest warrant relating to the subject matter" of the case. The Superior Court dismissed the action in April of 2019.

On October 25, 2021, Mr. Harned, proceeding *pro se* again, filed a separate action in the Superior Court against the Georgia Attorney General. This action violated the earlier court order restricting Mr. Harned's ability to file, among other things, complaints related to the alleged conspiracy to protect Piedmont from liability. In February of 2022, the Superior Court dismissed the action against the Georgia Attorney General without prejudice. Mr. Harned alleges that, on August 26, 2022, he attempted to file a motion to set aside the Superior Court's latest order but was prevented from doing so when employees of the Clerk's Office misinterpreted the filing restriction order from his previous case.

On August 29, 2022, Mr. Harned filed the *pro se* action underlying this appeal in the Northern District of Georgia. Mr. Harned brought two claims pursuant to § 1983, one against the Clerk's Office, including its employees in their individual capacities, and another against the DA's Office. Mr. Harned alleged that his Fifth and Fourteenth Amendment rights were violated when the Clerk's Office allegedly prevented him from filing a motion to set aside the dismissal of his action against the Attorney General, and the DA's Office allegedly refused to prosecute Piedmont.

The district court dismissed the action and imposed additional filing restrictions, including a Rule 11 bond. First, the district court ruled that Mr. Harned had failed to state a claim against the

Clerk's Office because the Office is not an entity subject to suit. Second, the district court explained that Mr. Harned's claims against employees of the Clerk's Office were barred by absolute, quasi-judicial immunity. Third, the district court concluded that any claims against the DA's Office, or its employees, were similarly barred by the Eleventh Amendment and sovereign immunity. Mr. Harned now appeals.

## II

On appeal, we consider only whether the district court correctly dismissed Mr. Harned's claim against the Clerk's Office and its employees. Specifically, we address (1) whether the Clerk's Office is an entity capable of being sued and (2) whether employees at the Clerk's Office enjoy absolute, quasi-judicial immunity when sued in their individual capacities. As for Mr. Harned's claim against the DA's Office, any arguments have been abandoned.

## A

We review a district court's dismissal of a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) *de novo*. *See Almanza v. United Airlines, Inc.*, 851 F.3d 1060, 1066 (11th Cir. 2017). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This plausibility standard requires that the "factual content [pled] allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citations omitted). We accept the factual

allegations as true, and draw all reasonable inferences in Mr. Harned's favor. *See Twombly*, 550 U.S. at 555–56.

## B

We begin by addressing whether the Clerk's Office is an entity subject to suit. For all parties who are not individuals or corporations, the "[c]apacity to sue or be sued" in federal court is determined "by the law of the state where the court is located." Fed. R. Civ. P. 17(b).

Georgia law recognizes three classes of legal entities subject to suit: "(1) natural persons; (2) an artificial person (a corporation); and (3) such quasiartificial persons as the law recognizes as being capable to sue." *Cravey v. Southeastern Underwriters Ass'n*, 105 S.E.2d 497, 500 (Ga. 1958) (citations omitted). Importantly, under Georgia law, "there is no legal provision that designates a trial court clerk's office as either a person or corporation capable of being sued." *Seibert v. Alexander*, 829 S.E.2d 473, 477 (Ga. App. 2019). Accordingly, the Georgia Court of Appeals has held that a clerk's office "has no legal status" and "cannot be a legal party to litigation." *Id*. A court therefore "correctly dismisse[s] [a] case as against the clerk's office on the basis that it is not a legal entity subject to suit." *Id*.

Because Mr. Harned cannot sue the Clerk's Office, we need not consider the merits of his § 1983 claim against the Office.

## C

We next address whether the employees of the Clerk's Office enjoy absolute, quasi-judicial immunity when sued in their individual capacities. Though Mr. Harned did not name any employees individually as defendants, most of his allegations were directed toward Ms. Cathelene Robinson in her role as the Superior Court Clerk of Fulton County. To the extent that Mr. Harned attempts to assert claims against Ms. Robinson and any other employees, we agree with the district court that absolute quasi-judicial immunity bars these claims.

Mr. Harned argues that he was deprived of his constitutional rights when a Clerk's Office employee allegedly prevented him from filing a motion to set aside a court order dismissing his case against the Georgia Attorney General. He asserts that, in doing so, the employee misinterpreted the terms of the earlier filing restriction order which covered civil lawsuits, subpoenas, criminal filings, and applications for arrest warrants, but not motions. He further claims that the order was not in effect at the time of his attempted filing.

Accepting these allegations as true and drawing all reasonable inferences in favor of Mr. Harned, his claims against the employees still fail as a matter of law. We have held that "nonjudicial officials are encompassed by a judge's absolute immunity when their official duties have an integral relationship with the judicial process." *Roland v. Phillips*, 19 F.3d 552, 555 (11th Cir. 1994) (citation and internal quotations omitted). *See also Schopler v. Bliss*, 903 F.2d 1373, 1380 (11th Cir. 1990) ("Officials who perform

23-12543          Opinion of the Court                    7

judicial . . . functions traditionally have been afforded absolute immunity from suit.") (citations omitted).  This "absolute quasi-judicial immunity derives from absolute judicial immunity" and is determined "through a functional analysis of the actions taken by the official in relation to the judicial process." *Roland*, 19 F.3d at 555 (citation and internal quotation marks omitted). "Like judges, these officials must be acting within the scope of their authority" to receive immunity. *Id.* (citation omitted).

Here, Ms. Robinson and the other employees of the Clerk's Office were acting "within the scope of their authority" when they allegedly misinterpreted the court order and refused to file Mr. Harned's motion. "Enforcing a court order or judgment is intrinsically associated with a judicial proceeding." *Id.* (citation omitted). *See also Mullis v. U.S. Bankr. Ct. for Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987) ("[F]iling a complaint or petition is a basic and integral part of the judicial process . . . [and] [t]he clerk of court and deputy clerk are the officials through whom such filing is done."); *Valdez v. City & Cnty. of Denver*, 878 F.2d 1285, 1288 (10th Cir. 1989) (collecting cases on the issue). The alleged conduct here is therefore "encompassed by a judge's absolute immunity." *Roland*, 19 F.3d at 555 (citation and internal quotation marks omitted). And because the Supreme Court has told us that a "judge is absolutely immune from liability for his judicial acts even . . . [when] grave procedural errors" result, Ms. Robinson and the other employees at the Clerk's Office are immune from Mr. Harned's claim even if

they mistakenly declined to file his motion. *See Stump v. Sparkman*, 435 U.S. 349, 359 (1978).

## IV

We have "long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014). "Issues not raised in an initial brief are deemed forfeited and will not be addressed absent extraordinary circumstances." *Anthony v. Georgia*, 69 F.4th 796, 807 (11th Cir. 2023) (citation omitted). *See also United States v. Sineneng-Smith*, 590 U.S. 371, 379 (2020) (holding that only "extraordinary circumstances" may justify a departure from the principle of party representation). This rule is deeply embedded in our case law and applies to represented parties and *pro se* litigants alike. *See, e.g., Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam) ("While we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned.") (citations omitted).

With these principles in mind, we consider whether Mr. Harned abandoned arguments concerning his claim against the DA's Office by not raising them in his initial brief on appeal. As a general principle, "we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *Greenlaw v. United States*, 554 U.S. 237, 243 (2008). We depart from that principle only "when extraordinary

23-12543              Opinion of the Court                    9

circumstances so warrant." *Wood v. Milyard*, 566 U.S. 463, 471, (2012). *See also Sineneng-Smith*, 590 U.S. at 379 (holding that only "extraordinary circumstances" may justify departure from the principle of party representation).

Here, Mr. Harned failed to brief any arguments regarding his claim against the DA's office. And "[n]o extraordinary circumstances apply to warrant [such] consideration, because a refusal to consider [Mr. Harned's claim] would not result in a miscarriage of justice, the issue is not one of substantial justice, the proper resolution is not beyond any doubt, and the issue does not present significant questions of general impact or of great public concern." *Anthony*, 69 F.4th at 808.

## V

We affirm the district court's order dismissing Mr. Harned's claims against the Clerk's Office and its employees and against the DA's Office.

**AFFIRMED.**